NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ELWOOD GENE HALL, AKA Codgie Hall, <br><br> Defendant-Appellant. | Nos. 19-30205 <br> 19-30206 <br><br> D.C. Nos. 4:90-cr-00017-BMM-1 <br> 1:90-cr-00024-BMM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian Morris, District Judge, Presiding

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

In these consolidated appeals, Elwood Gene Hall appeals from the district court's judgment revoking his supervised release for the fourth time and imposing a sentence of 6 months, to be followed by a 30-month term of supervised release.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Hall challenges only the 30-month term of supervision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hall contends that the term of supervised release is substantively unreasonable because it was imposed for the unnecessary purpose of allowing Hall to complete sex offender treatment. The district court did not abuse its discretion by imposing the 30-month term of supervised release, which is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record belies Hall's claim that the district court imposed the term of supervised release solely for Hall to complete sex offender treatment. While the court was reasonably concerned about Hall's failure to complete treatment, the record reflects that it also imposed the sentence to sanction Hall's repeated breaches of the court's trust and to protect the public. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**